**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MING GUANG LIN,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 08-70839<br><br>Agency No. A097-959-103<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

    Ming Guang Lin, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We grant the petition for review and remand.

The agency's adverse credibility determination is not supported by substantial evidence. *See id.* at 1042-44 (adverse credibility findings must be "specific and cogent" and the IJ must consider petitioner's explanation for a perceived inconsistency); *Tekle v. Mukasey*, 533 F.3d 1044, 1053 (9th Cir. 2008) (adverse credibility finding based on mischaracterization of testimony is not supported); *Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000) (an adverse credibility finding cannot be based on speculation and conjecture).

We remand for the BIA to reexamine Lin's credibility and, if necessary, to assess the IJ's alternate holding denying her asylum, withholding of removal, and CAT claims on the merits. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**